IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **DAVID BRYAN SHUMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 6:05-0116** |
| | ) | **(Criminal No. 6:03-0027)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are issues which Petitioner has raised in an Application Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a Memorandum in Support on February 11, 2005 (Document Nos. 89 and 90.), a Motion to Amend and Replace his Memorandum in Support of his Motion to Vacate, Set Aside and Correct his Sentence (Document No. 94.) and a Motion to Reverse Sentence and Conviction and to Withdraw his Plea (Document No. 105.).[1] The undersigned finds that the issues which Petitioner has raised are not cognizable and otherwise have no merit and therefore respectfully recommends the dismissal of Petitioner's Application.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 7, 2003, Petitioner was charged in a five-count Indictment with conspiring to manufacture methamphetamine in violation of 21 U.S.C. 846 from in or about February, 2001, to on or about October 25, 2002, and on or about January 3 and March 22, 2002 (Counts 1, 2 and 4), distributing hypophosphorous in violation of 21 U.S.C. 841(c)(2) knowing or having reason to know that it would be used in the manufacture of methamphetamine (Count 3) and distributing methamphetamine in

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

violation of 21 U.S.C. 841(a)(1) (Count 5). United States v. Shuman, Criminal No. 6:03-0027, Document No. 1. Represented by Court appointed attorney Mr. Andrew Raptis, Petitioner entered a plea of guilty to the charge contained in Count 2 of the Indictment on March 31, 2003.[2] Id., Document No. 23. Mr. Raptis passed away, and the District Court appointed Mr. James Powell to represent Petitioner on June 19, 2003. Id., Document No. 28. Petitioner moved for new counsel, and the Court appointed Mr. Thomas Gillooly to represent him on July 18, 2003. Id., Document Nos. 28 and 37. Thereafter, Petitioner and Mr. Gillooly filed motions challenging the Indictment and seeking discovery and continuances of Petitioner's sentencing. Petitioner was sentenced on Monday, March 22, 2004, and the District Court imposed a 135 month term of incarceration, a three year term of supervised release and a $100 mandatory assessment. Id., Document No. 79. Petitioner did not appeal his conviction or sentence.[3]

Movant filed an Application Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a Memorandum in Support on February 11, 2005. (Document Nos. 89 and 90.) In his Memorandum, Petitioner refers to, among other cases, the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), its June 24, 2004, decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and its January 12, 2005, decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), asserting that the latter two cases have

---

[2] A copy of the transcript of Petitioner's plea hearing is Document Nos. 20 and 45 in *United States v. Shuman*, Criminal No. 6:03-0027.

[3] Petitioner had ten days to file a notice of appeal of his conviction and/or sentence and did not do so. Petitioner's sentence became final when the ten-day notice of appeal period expired. *See* Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . .:(i) the entry of either the judgment or order being appealed[.]") and 26(a)(2)(excluding intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days). Petitioner's conviction and sentence became final, therefore, on Tuesday, April 6, 2004.

retroactive application to his case. Defendant asserts further in his Memorandum that (1) the chemical hypophosphorous is not referenced in the United States Sentencing Guidelines and is not properly utilized in sentencing calculation[4] and (2) there was no evidence that he attempted to manufacture a quantity of methamphetamine equivalent to 4,264 kilograms of marijuana.[5] Movant has not filed an Application to Proceed *in Forma Pauperis*.

By Standing Order filed on February 11, 2005, Movant's Motion was referred to United States Magistrate Judge Stanley for the submission of proposed findings of fact and a recommendation for disposition. (Document No. 92.) By Order filed on February 22, 2005, this matter was held in abeyance pending rulings of Appellate Courts respecting the retroactive applicability of Blakely. On June 23, 2005, Petitioner filed a Motion to Amend and Replace his Memorandum in Support of his Motion to Vacate, Set Aside and Correct his Sentence. (Document No. 94.) Petitioner states two issues in his Motion as follows:

1. Petitioner was denied his fifth and sixth amendment rights under the United States Constitution when his sentence was enhanced beyond the statutory maximum by facts not found by a jury, not admitted to and not found by any trier of fact beyond a reasonable doubt.

2. Petitioner was denied his constitutional sixth Amendment right to effective

---

[4] The undersigned notes that Petitioner raised this same issue in his objections to the Presentence Investigation Report [PSR].

[5] Petitioner's relevant conduct was calculated on the basis of his admissions to Task Force Agents that he obtained quantities of hypophosphorous. In the making of methamphetamine, "hypophosphorous (or a similar chemical) is essential to the manufacturing process.' PSR, at ¶ 11. It was determined that "the total amount of hypophosphorous attributable to [Petitioner] from his statement to Task Force Agents should be 4.264 liters, which is slightly over a gallon." PSR, at ¶ 10. It was further conservatively determined that one gram of hypophosphorous would yield ½ gram of methamphetamine so that 4.264 liters or 4,264 milliliters would yield 2,132 grams of methamphetamine which converts to 4,264 kilograms of marijuana under the U.S.S.G. § 2D1.1 Drug Equivalency tables. PSR, at ¶¶ 11 and 16. Petitioner's Base Offense Level was therefore correctly stated to be 34. PSR, at ¶ 19.

>representation when counsel promoted and coerced an unknowing and involuntary plea.

Petitioner again cites Apprendi, Blakely and Booker among other case in support of the first issue. With respect to the second issue, Claimant cites Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), and states that in counseling him with respect to pleading guilty, his attorney, Mr. Raptis, did not advise him of his constitutional rights and that he waived certain of them in pleading guilty, misled him respecting the sentence which the Court might impose and manipulated him into pleading guilty.

By Order filed on June 27, 2005, Magistrate Judge Stanley recused herself having determined that she had represented the United States in a proceeding against Petitioner previously (Document No. 95.), and this matter was referred to the undersigned United States Magistrate Judge. On October 20, 2005, Petitioner filed a Motion for Appointment of Counsel indicating in part circumstances which appear to be beyond the scope of these Section 2255 proceedings. (Document No. 96.) On January 30, 2006, Petitioner filed a Motion for a Hearing again indicating circumstances which appear to be beyond the scope of these proceedings. (Document No. 99.)[6] On May 23, 2006, Petitioner filed a Motion Requesting Status of Proceeding. (Document No. 100.) On June 5, 2006, Petitioner filed a Motion for a transcript of Hearing held on February 7, 2003. (Document No. 102.)[7] On July 10, 2006, Petitioner filed a Motion to Reverse Sentence and Conviction and to Withdraw his Plea.(Document No. 105.)

---

[6] "A hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief." *United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988).

[7] The Docket Sheet in Criminal No. 6:03-0027 indicates that on February 7, 2003, United States Magistrate Judge Stanley held Petitioner's Initial Appearance upon his arrest pursuant to Warrant issued on the basis of the Indictment. Petitioner is therefore apparently requesting a transcript of his Initial Appearance. The undersigned will deny Petitioner's request by separate Order because it appears that the only thing germane to the issues presented in this matter is that Magistrate Judge Stanley presided at Petitioner's Initial Appearance.

Petitioner claims that he is entitled to reversal of his sentence and conviction and to withdraw his plea because United States Magistrate Judge Stanley presided over his Initial Appearance and other proceedings when she had represented the United States in proceedings against Petitioner earlier.

## DISCUSSION

1. Petitioner's assertions of error in the calculation of his sentence, Magistrate Judge Stanley's presiding at his Initial Appearance and the entry of his plea.

Relief is available under 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws or the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .." Error in calculation of a sentence under the United States Sentencing Guidelines by itself is not cognizable under § 2255. *See* United States v. Pregent, 190 F.3d 279, 283 - 284 (4th Cir. 1999); United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996). Rather, review of sentencing error is available in the first place on direct appeal. *See* 18 U.S.C. § 3742(a)(allowing for direct appeal from sentence imposed in violation of law or based on incorrect application of Sentencing Guidelines). Under United States v. Frady, 456 U.S. 152, 164 - 68, 102 S.Ct. 1584, 1592 - 95, 71 L.Ed.2d 816 (1982), a procedurally defaulted *habeas* claim may not be considered on the merits unless the petitioner can show cause for the default and prejudice from the alleged error. It appears that an exception exists to the requirement that a petitioner meet the cause and prejudice standard "if the failure to hear the claims would constitute a 'miscarriage of justice.'" Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in § 2255 proceedings. *See* United States v. Emanuel, 869 F.2d 795 (4th Cir.

1989). With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, § 2255 is no substitute, and the failure precludes § 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal.") The Court stated as follows in United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993):

> If defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing not raised on direct appeal which the sentencing court had not had an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated. Moreover, the Federal Rules of Criminal Procedure now plainly set out the procedure that must be used for challenges to presentencing reports and sentencing procedures.

*See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996), quoting the above passage from Essig and adopting the cause and prejudice standard for § 2255 attacks on sentences following guilty pleas. The standard is conjunctive. The petitioner must show good cause for and prejudice from his failure to raise the issues which he now advances under § 2255 on direct appeal. *See* Theodorou*, supra*, 887 F.2d at 1340. To show cause for a procedural default, i.e., failing to appeal error in sentencing, the movant must demonstrate that some "objective factor external to the defense impeded [defense] counsel's efforts to comply with . . . the procedural rule." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). To show prejudice, the petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167 - 68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).

Petitioner did not appeal his conviction or sentence, and consequently his ability to raise

issues now under § 2255 is limited. Petitioner must demonstrate good cause for <u>and</u> prejudice from his failure to raise the issues which he now advances under § 2255 on direct appeal. Prior to his sentencing, Petitioner objected to the use of hypophosphorous and the manner of the calculation of his sentence. Thus, it is clear from his objections that Petitioner disputed the manner in which his sentence was calculated, and nevertheless, he did not carry his objections forward on direct appeal. The undersigned finds from these circumstances that Petitioner's claims of error in the calculation of his sentence are not cognizable and he waived any ability he may have had to assert them in these § 2255 proceedings by failing to raise them on direct appeal. The undersigned further finds that there is no indication in the record that any external factor impeded Petitioner from raising the issue of the District Court's Guidelines computation as set forth in the PSR on appeal. Accordingly, Petitioner cannot demonstrate good cause for not raising the issues on appeal as required to be eligible for relief under § 2255. Second, it is clear that Petitioner's claim that he is entitled to reversal of his conviction and sentence and to withdraw his plea because Magistrate Judge Stanley presided over his Initial Appearance is not cognizable and has no merit because he cannot prove that he was prejudiced in any way by Magistrate Judge Stanley's actions. Magistrate Judge Stanley presided at Petitioner's Initial Appearance and had nothing whatever to do with the determination of his guilt or sentence. Finally, Petitioner cannot demonstrate good cause for failing to raise his claim that his guilty plea was not knowingly and voluntarily entered on direct appeal. Represented by Mr. Gillooly after Mr. Raptis passed away, Petitioner could have appealed his conviction and sentence and raised this issue and did not. This claim is therefore procedurally defaulted as well. Moreover, it is clear from documents contained in <u>United States v. Shuman</u>, Criminal No. 6:03-0027, that Petitioner entered his guilty plea knowing and agreeing to certain terms and conditions

set forth in a plea agreement including the maximum penalties to which he was subject and acknowledging in his Written Plea of Guilty that Mr. Raptis "has fully explained the charges contained in the Indictment against me . . .." (Document Nos. 21 - 23 in Criminal No. 6:03-0027.) Petitioner's statements during his guilty plea hearing are strong evidence of voluntariness. United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991). The burden is on Petitioner to prove that Mr. Raptis failed to render constitutionally effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). The record contains no evidence to support Petitioner's claim.

2.　　Applicability of Apprendi, Blakely and Booker.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362 - 63. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[8] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In United States v. Booker, and United States v. Fanfan, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

---

[8] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

__ U.S. at __, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" __ U.S. at __, 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). The Fourth Circuit Court of Appeals joined nine Circuit Court of Appeals which had considered whether Booker applies retroactively to persons whose convictions were final prior to the Supreme Court's decision and determined that it does not. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). It is clear that since Booker, it remains for the District Court to consider evidence of relevant conduct based upon a preponderance including acquitted conduct in determining sentences. See United States v. Ashworth, 139 Fed.Appx.525 (4th Cir. 2005), *cert. denied*, __ U.S. __, 126 S.Ct. 163 L.Ed.2d 594 (2005). A determination of relevant conduct including acquitted conduct is only deemed to violate the Sixth Amendment when it leads the District Court to impose a sentence in excess of "the maximum authorized by the facts established by a plea of guilty . . .." In the instant case, that means the statutory maximum of twenty years in prison.

Petitioner's claim that he is entitled to relief under Apprendi, Blakely and Booker is without merit for several reasons. First, his conviction was final before the Supreme Court's decisions in Blakely and Booker, and the Fourth Circuit has found that Booker is not retroactive. Booker is therefore inapplicable. Second, in view of the Supreme Court's ruling in Apprendi and even if Booker were applicable, Petitioner's sentence did not exceed the statutory maximum authorized by his plea of guilty to Count 2 of the Indictment, twenty years in prison, and Petitioner's sentence was determined on the basis of conduct which he admitted to Task Force agents.

**PROPOSAL AND RECOMMENDATION**

Accordingly, having fully considered the issues which Petitioner has raised in his Application Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody and Memorandum in Support (Document Nos. 89 and 90.), Motion to Amend and Replace his Memorandum in Support of his Motion to Vacate, Set Aside and Correct his Sentence (Document No. 94.) and Motion to Reverse Sentence and Conviction and to Withdraw his Plea (Document No. 105.), the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Application under § 2255 to Vacate, Set Aside or Correct his Sentence (Document No. 89.) and remove this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon United States District Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Petitioner who is acting *pro se* in these proceedings.

DATE: October 5, 2006.

R. Clarke VanDervort
United States Magistrate Judge