IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DAVID BRYAN SHUMAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 6:05-0116** |
| ) | **(Criminal No. 6:03-0027)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are issues which Petitioner has raised in an Application Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a Memorandum in Support filed on February 11, 2005 (Document Nos. 89 and 90.), a Motion to Amend and Replace his Memorandum in Support of his Motion to Vacate, Set Aside and Correct his Sentence filed on June 23, 2005 (Document No. 94.), a Motion to Reverse Sentence and Conviction and to Withdraw his Plea filed on July 10, 2006 (Document No. 105.), his Objections to the undersigned's Proposed Findings and Recommendation filed on October 20, 2006 (Document No. 112.) and Supplemental Motion to Vacate, Set Aside or Correct his Sentence under Section 2255 filed on September 17, 2007 (Document No. 122.).[1] Having examined the record in this case and the underlying criminal proceeding and held a hearing upon Petitioner's claim of ineffective assistance of counsel as contained in his Objections to the undersigned's first Proposed Findings and Recommendation, the undersigned finds that Petitioner has failed to demonstrate that his attorney committed ineffective assistance of counsel in not instituting a direct appeal of his conviction and sentence and the further issues which Petitioner has raised are not

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

cognizable and otherwise have no merit and therefore respectfully recommends the dismissal of Petitioner's Application.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2003, Petitioner was charged in a five-count Indictment with conspiring to manufacture methamphetamine in violation of 21 U.S.C. 846 from in or about February, 2001, to on or about October 25, 2002, and on or about January 3 and March 22, 2002 (Counts 1, 2 and 4), distributing hypophosphorous in violation of 21 U.S.C. 841(c)(2) knowing or having reason to know that it would be used in the manufacture of methamphetamine (Count 3) and distributing methamphetamine in violation of 21 U.S.C. 841(a)(1) (Count 5). United States v. Shuman, Criminal No. 6:03-0027, Document No. 1. Represented by Court appointed attorney Mr. Andrew Raptis, Petitioner entered a plea of guilty to the charge contained in Count 2 of the Indictment on March 31, 2003.[3] Id., Document No. 23. Mr. Raptis passed away, and the District Court appointed Mr. James Powell to represent Petitioner on June 19, 2003. Id., Document No. 28. Petitioner moved for new counsel, and the Court appointed Mr. Thomas Gillooly to represent him on July 18, 2003. Id., Document Nos. 28 and 37. Thereafter, Petitioner and Mr. Gillooly filed motions challenging the Indictment and seeking discovery and continuances of Petitioner's sentencing.(See for example Document Nos. 46, 50 and 63 in Criminal Action No. 6:03-0027.) Petitioner was sentenced on Monday, March 22, 2004, and the District Court

---

[2] In creating this document, the undersigned has merged portions of his Proposed Findings and Recommendation filed on October 5, 2006 (Document No. 110.) and his Order filed on December 13, 2007 (Document No. 126), considered Petitioner's Objections to his first Proposed Findings and Recommendation (Document No. 112.) and Supplemental Motion to Vacate, Set Aside or Correct his Sentence under Section 2255 (Document No. 122.) and added findings and a recommendation with respect to Petitioner's claim of ineffective assistance of counsel in conformity with the District Court's remand of this matter (Document No. 117.).

[3] A copy of the transcript of Petitioner's plea hearing is Document Nos. 20 and 45 in *United States v. Shuman*, Criminal No. 6:03-0027.

imposed a 135 month term of incarceration, a three year term of supervised release and a $100 mandatory assessment. Id., Document No. 79. At his sentencing hearing, the District Court advised Petitioner of his right to appeal his conviction and sentence, and Petitioner indicated that he understood his right as follows:

> THE COURT: Mr. Shuman, you have a right to appeal the Court's sentence. If you want to do that, you must file a written notice of appeal within 10 days of the entry of the order of judgment and conviction in your case. If you fail to file that notice, your right to appeal expires. Do you understand that?
>
> MR. SHUMAN: Yes, sir.

(Document No. 133 in Criminal Action No. 6:03-0027, p. 45.)[4] Petitioner did not appeal his conviction or sentence.[5]

Petitioner filed an Application Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a Memorandum in Support on February 11, 2005. (Document Nos. 89 and 90.) In his Memorandum, Petitioner refers to, among other cases, the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), its June 24, 2004, decision in Blakely v. Washington, 542 U.S. 296,

---

[4] The undersigned notes that though Petitioner testified at his sentencing hearing offering an explanation for his possession of hypophosphorous which the District Court viewed as implausible, the District Court nevertheless found that he qualified for a reduction of his Offense Level for acceptance of responsibility and sentenced Petitioner at the low end of his Guideline range. (Document No. 133 in Criminal Action No. 6:03-0027, pp. 39, 42 - 43.)

[5] Petitioner had ten days to file a notice of appeal of his conviction and/or sentence and did not do so. Petitioner's sentence became final when the ten-day notice of appeal period expired. *See* Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . .:(i) the entry of either the judgment or order being appealed[.]") and 26(a)(2)(excluding intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days). Absent Petitioner's attorney's ineffective assistance of counsel in failing to institute an appeal in his behalf, Petitioner's conviction and sentence became final on Tuesday, April 6, 2004.

3

124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and its January 12, 2005, decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), asserting that the latter two cases have retroactive application to his case. Defendant asserts further in his Memorandum that (1) the chemical hypophosphorous is not referenced in the United States Sentencing Guidelines and is not properly utilized in sentencing calculation[6] and (2) there was no evidence that he attempted to manufacture a quantity of methamphetamine equivalent to 4,264 kilograms of marijuana.[7] Movant has not filed an Application to Proceed *in Forma Pauperis*.

By Standing Order filed on February 11, 2005, Movant's Motion was referred to United States Magistrate Judge Stanley for the submission of proposed findings of fact and a recommendation for disposition. (Document No. 92.) By Order filed on February 22, 2005, this matter was held in abeyance pending rulings of Appellate Courts respecting the retroactive applicability of Blakely. On June 23, 2005, Petitioner filed a Motion to Amend and Replace his Memorandum in Support of his Motion to Vacate, Set Aside and Correct his Sentence. (Document No. 94.) Petitioner states two issues in his Motion as follows:

> 1. Petitioner was denied his fifth and sixth amendment rights under the United States Constitution when his sentence was enhanced beyond the statutory

---

[6] The undersigned notes that Petitioner raised this same issue in his objections to the Presentence Investigation Report [PSR].

[7] Petitioner's relevant conduct was calculated on the basis of his admissions to Task Force Agents that he obtained quantities of hypophosphorous. In the making of methamphetamine, "hypophosphorous (or a similar chemical) is essential to the manufacturing process.' PSR, at ¶ 11. It was determined that "the total amount of hypophosphorous attributable to [Petitioner] from his statement to Task Force Agents should be 4.264 liters, which is slightly over a gallon." PSR, at ¶ 10. It was further conservatively determined that one gram of hypophosphorous would yield ½ gram of methamphetamine so that 4.264 liters or 4,264 milliliters would yield 2,132 grams of methamphetamine which converts to 4,264 kilograms of marijuana under the U.S.S.G. § 2D1.1 Drug Equivalency tables. PSR, at ¶¶ 11 and 16. Petitioner's Base Offense Level was therefore correctly stated to be 34. PSR, at ¶ 19.

>    maximum by facts not found by a jury, not admitted to and not found by any trier of fact beyond a reasonable doubt.
>
> 2. Petitioner was denied his constitutional sixth Amendment right to effective representation when counsel promoted and coerced an unknowing and involuntary plea.

Petitioner again cites Apprendi, Blakely and Booker among other case in support of the first issue. With respect to the second issue, Claimant cites Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), and states that in counseling him with respect to pleading guilty, his attorney, Mr. Raptis, did not advise him of his constitutional rights and that he waived certain of them in pleading guilty, misled him respecting the sentence which the Court might impose and manipulated him into pleading guilty.

By Order filed on June 27, 2005, Magistrate Judge Stanley recused herself having determined that she had represented the United States in a proceeding against Petitioner previously (Document No. 95.), and this matter was referred to the undersigned United States Magistrate Judge. On July 10, 2006, Petitioner filed a Motion to Reverse Sentence and Conviction and to Withdraw his Plea. (Document No. 105.) Petitioner claims that he is entitled to reversal of his sentence and conviction and to withdraw his plea because United States Magistrate Judge Stanley presided over his Initial Appearance and other proceedings when she had represented the United States in proceedings against Petitioner earlier.

On October 5, 2006, the undersigned filed Proposed Findings and Recommendation concluding that (1) Magistrate Judge Stanley's presiding at Petitioner's Initial Appearance had nothing to do with the determination of his guilt or sentence and Petitioner was not prejudiced in any way by it; (2) the record contained no evidence that Claimant's first attorney in the underlying criminal proceedings, Mr. Raptis, rendered ineffective assistance of counsel[8]; (3) Petitioner's claims

---

[8] The undersigned stated the basis for his conclusion in this regard as follows in his Proposed Findings and Recommendation (document No. 110, p. 7.): "[I]t is clear from documents contained

of error in determining and calculating his sentence and in the entry of his guilty plea should have been raised in the first place on direct appeal and are not cognizable in these Section 2255 proceedings; and (4) Apprendi, Blakely and Booker either present no basis for reconsidering Petitioner's sentence or are not retroactive and are therefore inapplicable. (Document No. 110.) Petitioner filed Objections to the undersigned's Proposed Findings and Recommendation on October 20, 2006. (Document No. 112.) Petitioner asserts that he instructed his attorney at sentencing, Mr. Gillooly, to appeal his conviction and sentence and Mr. Gillooly did not do so thereby committing ineffective assistance of counsel. Petitioner indicates that if Mr. Gillooly had instituted a direct appeal of his conviction and sentence, he would have raised the issues which he attempts to raise in these Section 2255 proceedings and Apprendi, Booker and Blakely would have applied. Petitioner claimed in his Objections to the undersigned's Proposed Findings and Recommendation that his trial attorney, Mr.Thomas Gillooly, was ineffective in failing to appeal his conviction and sentence. Petitioner states as follow (Document No. 112, pp. 3 - 5.):

> The Magistrate's primary basis for his recommendation to deny Petitioner's motion rests on the fact that Petitioner did not raise these issues on direct appeal. However, this line of reasoning is built upon an unsupported foundation. These issues formed the crux of exactly why the Petitioner instructed Gillooly to file an appeal. As properly noted by the Magistrate, the Petitioner had objected to the method of calculations used in the PSR. His main issue was that the chemical hypophosphorous was not a controlled chemical and that the assumptions on correspondence as to how much methamphetamine it would produce were not supported by facts or science. Clearly the Petitioner has a compelling reason to appeal and his instructions to Gillooly to file a direct appeal are reasonable in light of all the facts.

---

in *United States v. Shuman*, Criminal No. 6:03-0027, that Petitioner entered his guilty plea knowing and agreeing to certain terms and conditions set forth in a plea agreement including the maximum penalties to which he was subject and acknowledging in his Written Plea of Guilty that Mr. Raptis 'has fully explained the charges contained in the Indictment against me . . ..' (Document Nos. 21 - 23 in Criminal No. 6:03-0027.) Petitioner's statements during his guilty plea hearing are strong evidence of voluntariness. *United States v. DeFusco*, 949 F.2d 114 (4th Cir. 1991)."

> \* \* \*
> At a hearing on this matter, the Petitioner can prove by testimonial evidence that Gillooly knew Petitioner desired a direct appeal.

By Order filed on May 14, 2007 (Document No. 117.), the District Court remanded this matter to the undersigned for consideration of Petitioner's claim of ineffective assistance of counsel in failing to appeal his conviction and sentence as raised for the first time in his October 20, 2006, Objections (Document No. 112.) to the undersigned October 5, 2006, Proposed Findings and Recommendation (Document No. 110.).

By Order filed on May 21, 2007, the undersigned required the United States to respond to Petitioner's assertion. (Document No. 118.) On June 15, 2007, the United States filed its Response including the Affidavit of Mr. Gillooly. (Document No. 120.) Mr. Gillooly states as follows in his Affidavit:

> 4. The Petitioner's assertion that he instructed me to file an appeal from his conviction and sentence in the underlying case is false.
> 5. At the time of his plea and his sentencing, the Petitioner was cooperating with the government and hoped that the government would treat his cooperation as substantial assistance and support a reduction of his sentence.
> 6. At the time the decision whether to appeal had to be made, I was aware of no meritorious issue which could be raised on appeal, nor am I aware of any such issue now.
> 7. On March 23, 2004, I wrote the following letter to the Petitioner (reprinted verbatim from my computer files):
>
> March 23, 2004
>
> David B. Shuman (1098139)
> Carter Co. Detention Center
> 13 Cross Bar Rd.
> Grayson, KY 41143
>
> Dear Dave:
>
> I'm writing to give you my advice on an appeal: don't do it. If I were appointed to represent you, I would probably have to file a brief

7

saying that I am not aware of any valid basis to appeal, and rather than do that, I would probably decline to handle it. (In that case, the court would appoint someone else.) Your best bet at this point, in my opinion, is to cooperate further with the government. As difficult as that idea is for you right now, it's your best chance to reduce your jail time. You can try to cooperate while simultaneously taking an appeal, but an appeal will put a damper on the government's interest in working with you.

Having said that, you have a right to appeal the sentence, and no one can make that decision except you, just like it was your decision to get on the witness stand yesterday. You're the one doing the time, so don't get me wrong, I can't second-guess you. I just know that an appeal will go nowhere. Your conviction will be affirmed, and you'll spend time and energy fighting the sentence instead of doing something that might improve your situation. I don't think Judge Goodwin will hold it against you if you appeal; on the other hand, if you accept the sentence instead and cooperate, and you get a substantial assistance motion, the judge may very well look more favorably on it.

The 10 days to file the notice of appeal starts running the day after your sentencing order is filed with the court clerk, which it had not been as of noon today. You don't count Saturdays or Sundays, so the earliest the deadline could be at this point (if the order is filed later today) is Tuesday, April 6th.

Call me if you want to talk about it.

            Sincerely yours,
            Thomas J. Gillooly

8.  As the letter indicates, I was keen to observe the deadline for filing a notice of appeal and was prepared to file such a notice at the Petitioner's instruction.
9.  I conveyed the advice contained in the letter to the Petitioner orally and discussed it with him on more than one occasion.
10.  The Petitioner ultimately told me that he had decided not to appeal, I believe in response to my direct question. I made sure to get his decision before the filing deadline, which was on my calendar and of which I was acutely aware.

On June 28, 2007, Petitioner filed his Reply to the United States' Response including his counter-Affidavit. (Document No. 121.) Petitioner states that he instructed Mr. Gillooly to appeal his sentence and conviction in a letter dated March 25, 2004, and attaches a copy of the letter to his Reply. Petitioner's letter states as follows:

Dear Mr. Gillooly                                                            March 25, 2004

Unfortunately I never could get your office to accept my call today. I have made up my mind that I must proceed on appeal. This simply isn't right. The facts weigh heavy on my side. The chemical I am charged with is not against the law. Even if were against the law, the manner used to calculate how much meth I could have made defies logic and is completely false. I know in the courtroom you said I should consider cooperating, but I cooperated in the first trial helping them and it caused me to get assaulted . . .. I'm still trying to decide if I am going to cooperate further. . . . All I can say is file the appeal.

                                                    Respectfully
                                                    David Shuman

By handwritten document dated September 12, 2007, addressed to Chief Judge Goodwin and filed on September 17, 2007 (Document No. 122.), Petitioner elaborates upon a claim he made in his Motion to Reverse Sentence and Conviction and to Withdraw Plea filed on July 10, 2006 (Document No. 105.). Petitioner insinuates that United States Magistrate Judge Stanley, who had prosecuted Petitioner when she was an Assistant United States Attorney, and Assistant United States Attorney McVey violated his constitutional rights by collaborating as Magistrate Judge Stanley presided over Grand Jury proceedings and Assistant United States Attorney McVey offered evidence in those proceedings to obtain his Indictment.

By Order filed on December 13, 2007, the undersigned considered Petitioner's Objections to his Proposed Findings and Recommendation and documents filed thereafter and determined that "the only remaining issue for consideration is whether Mr. Gillooly's representation was constitutionally defective as Petitioner claims", discussed the law applicable to the issue, scheduled a hearing and ordered that an attorney be appointed to represent Petitioner at the hearing. (Document No. 126.) The undersigned held a hearing on Friday, February 1, 2008, with Petitioner present and represented by Criminal Justice Act Panel attorney Mark L. French, and the United States

represented by Assistant United States Attorney R. Gregory McVey. Petitioner and Mr. Gillooly testified. Petitioner testified that he and Mr. Gillooly did not discuss his appellate rights before or after his sentencing but after his sentencing, he told Mr. Gillooly to appeal.[9] He testified that he did not recall receiving Mr. Gillooly's letter dated March 23, 2004. He testified that he called Mr. Gillooly's office about appealing but did not speak with Mr. Gillooly. He testified that he sent his March 25, 2004, letter to Mr. Gillooly and did not receive it back as undelivered. Mr. Gillooly testified that he had no specific recollection of discussing Petitioner's appellate rights with him and found his March 23, 2004, letter to Petitioner in a chronological file of letters which he sent in his law practice. He recalled one telephone conversation with Petitioner which occurred after March 23, 2004, in which Petitioner told him he did not wish to appeal. Mr. Gillooly testified that Petitioner called him often after his sentencing and never discussed appealing his conviction and sentence. He testified that he had no recall of Petitioner telling him to appeal. Mr. Gillooly testified that though Petitioner's letter might have been received in his office, he never saw it. He stated that it was not in his file and its contents are contrary to the understanding he had from the one phone conversation which he remembered with Petitioner and the other telephone conversations in which Petitioner did not mention appealing his sentence. Mr. Gillooly testified that if he had seen Petitioner's March 25, 2004, letter or Petitioner told him to appeal his conviction and sentence, he would have proceeded with Petitioner's appeal.

---

[9] Petitioner testified that Mr. McVey told him at some point not to appeal and stated outright or strongly insinuated that if he did, he would receive no credit for acceptance of responsibility. The undersigned finds Petitioner's testimony in this regard unbelievable.

## DISCUSSION

The United States Supreme Court established a framework for analyzing claims of ineffective assistance of counsel in taking criminal cases on appeal in Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000). The Fourth Circuit stated the Roe v. Flores-Ortega analytical framework as follows in United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000):

> An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective. * * * When a client does not specifically instruct counsel to appeal, however, whether counsel has been ineffective by failing to appeal depends upon 'whether counsel in fact consulted with the defendant about an appeal.' * * * in this context 'consult' 'convey[s] a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.' * * * If counsel has not consulted with his client, the court must then ask whether the failure to consult itself constitutes deficient performance. * * * The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a reasonable defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.' * * * Although the Roe Court declined to adopt a per se rule that defense counsel who fails to consult with the defendant concerning an appeal is ineffective, the Court did state, 'We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal.' * * *

Id., citations to Roe v. Flores-Ortega omitted. The Roe v. Flores-Ortega Court stated the following two factual scenarios under which "it would be difficult to say that counsel is 'professionally unreasonable' . . . as a constitutional matter, in not consulting with . . . a defendant regarding an appeal."

> [S]uppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. * * * Or . . . suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so

>clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.

Roe v. Flores-Ortega, 528 U.S. at 479 - 480, 120 S.Ct. at 1036. *See also* United States v. Poindexter, 492 F.3d 263, 268 - 269 (4th Cir. 2007).

Petitioner testified at the February 1, 2008, hearing that he had no discussion with Mr. Gillooly about his appellate right before or after his sentencing but, having heard the District Court's explanation of his right, told Mr. Gillooly to file an appeal. No evidence exists independently which either confirms or refutes Petitioner's testimony. Rather, as is evident from Petitioner's statement in his March 25, 2004, letter that "I have made up my mind that I must proceed on appeal", Petitioner did not decide that he wanted to appeal until sometime after the sentencing hearing. The undersigned concludes that while Petitioner may believe now that he told Mr. Gillooly to file an appeal following his sentencing hearing, a preponderance of the evidence more contemporaneous with Petitioner's sentencing indicates that he did not. The undersigned finds that Mr. Gillooly sent Petitioner his March 23, 2004, letter, and Petitioner received it. The undersigned regards Mr. Gillooly's letter consultative. The undersigned further finds that Mr. Gillooly testified credibly that he had a number of telephone conversations with Petitioner after his sentencing during one of which Petitioner stated that he did not wish to appeal and did not indicate anything to the contrary. While Petitioner indicates that "[u]nfortunately I never could get your office to accept my call today" in his March 25, 2004, letter, he did not disprove or refute Mr. Gillooly's testimony that he spoke a number of times with Mr. Gillooly following his sentencing and did not state that he wanted to appeal.[10] Finally, Petitioner received credit for acceptance of

---

[10] The undersigned finds that Petitioner's March 25, 2004, letter must be viewed with skepticism for several reasons. First, Mr. Gillooly did not see the letter, and it is contradictory to

responsibility notwithstanding his implausible testimony at his sentencing hearing and was sentenced at the low end of the applicable Guideline range and the District Court very clearly advised him of his right to appeal. The undersigned concludes based upon the evidence of record and assuming that Petitioner sent Mr. Gillooly his March 25, 2004, that Petitioner did not specifically instruct Mr. Gillooly to appeal after his sentencing hearing. Mr. Gillooly sent Petitioner his March 23, 2004, consultative letter encouraging him not to appeal. Petitioner received Mr. Gillooly's March 23, 2004, letter and sent Mr. Gillooly his March 25, 2004, letter. Petitioner did not make certain in phone conversations with Mr. Gillooly thereafter that Mr. Gillooly understood that he wanted to appeal. Mr. Gillooly had no reason to assume independently that Petitioner would want to appeal. Accordingly, Petitioner has not proven that Mr. Gillooly's representation was constitutionally defective under the Roe v. Flores-Ortega standard. Additionally, for the reasons stated in the undersigned's first Proposed Findings and Recommendation as set forth above, the undersigned finds Petitioner's claim that Mr. Raptis was ineffective in representing him without merit. Respecting Petitioner's claims of error in the determination and calculation of his sentence and the entry of his guilty plea, the undersigned's conclusion is *sine qua non*. Absence ineffective assistance of counsel, Petitioner's claims are not cognizable under Section 2255. Error in calculation of a sentence under the United States Sentencing Guidelines by itself is not cognizable

---

Mr. Gillooly's testimony. Second, Petitioner did not produce a copy of the letter with his Objections to the undersigned's first Proposed Findings and Recommendation. Rather, he stated in his Objections that "[a]t a hearing on this matter, the Petitioner can prove by testimonial evidence that Gillooly knew Petitioner desired a direct appeal." (Emphasis added.) Petitioner did not mention the letter. Then, Petitioner produced the March 25, 2004, letter after receiving Respondent's Response to the undersigned's Order to Show Cause which included Mr. Gillooly's Affidavit. These considerations lead the undersigned to give Petitioner's March 25, 2004, letter very little credit as evidence supporting his claim.

under § 2255. *See* United States v. Pregent, 190 F.3d 279, 283 - 284 (4th Cir. 1999); United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996). Rather, review of sentencing error is available in the first place on direct appeal. *See* 18 U.S.C. § 3742(a)(allowing for direct appeal from sentence imposed in violation of law or based on incorrect application of Sentencing Guidelines). As the undersigned has previously found, Petitioner's claim that he is entitled to relief under Apprendi, Blakely and Booker is also without merit for several reasons. First, his conviction was final before the Supreme Court's decisions in Blakely and Booker, and the Fourth Circuit has found that Booker is not retroactive. Booker is therefore inapplicable. Second, in view of the Supreme Court's ruling in Apprendi and even if Booker were applicable, Petitioner's sentence did not exceed the statutory maximum authorized by his plea of guilty to Count 2 of the Indictment, twenty years in prison, and Petitioner's sentence was determined on the basis of conduct which he admitted to Task Force agents.

Respecting Petitioner's claim that he should be permitted to withdraw his plea and his conviction and sentence should be vacated because Magistrate Judge Stanley presided at his Initial Appearance, the undersigned reiterates that it is clear that Petitioner's claim that he is entitled to reversal of his conviction and sentence and to withdraw his plea because Magistrate Judge Stanley presided over his Initial Appearance is not cognizable and has no merit because he cannot prove that he was prejudiced in any way by Magistrate Judge Stanley's actions. Magistrate Judge Stanley presided at Petitioner's Initial Appearance and had nothing whatever to do with the determination of his guilt or sentence. The undersigned finds Petitioner's further claims as contained in his September 12, 2007, document (Document No. 122.) without merit. Magistrate Judge Stanley did not preside directly over the Grand Jury proceedings which resulted in Petitioner's Indictment. The

Grand Jury sits without the direct supervision of any Judge. *See* Rule 6(d) of the Federal Rules of Criminal Procedure. Magistrate Judge Stanley therefore had no part in the Grand Jury's decision to indict Petitioner. If Magistrate Judge Stanley's involvement in any aspect of Petitioner's prosecution initially may be viewed as error, it must be regarded harmless because it had no bearing upon the outcome, Petitioner's voluntary plea and conviction. Under Rule 52(a) of the Federal Rules of Criminal Procedure, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *See* United States v. Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938, 942, 89 L.Ed.2d 50 (1986)(When a defendant stands convicted, "any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.")

## **PROPOSAL AND RECOMMENDATION**

Accordingly, having fully considered the issues which Petitioner has raised in his Application Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a Memorandum in Support filed on February 11, 2005 (Document Nos. 89 and 90.), a Motion to Amend and Replace his Memorandum in Support of his Motion to Vacate, Set Aside and Correct his Sentence filed on June 23, 2005 (Document No. 94.), a Motion to Reverse Sentence and Conviction and to Withdraw his Plea filed on July 10, 2006 (Document No. 105.), his Objections to the undersigned's Proposed Findings and Recommendation filed on October 20, 2006 (Document No. 112.) and Supplemental Motion to Vacate, Set Aside or Correct his Sentence under Section 2255 filed on September 17, 2007 (Document No. 122.), the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Application under § 2255 to Vacate, Set Aside or Correct his Sentence (Document No. 89.) and remove this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon Chief United States District Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

DATE: February 5, 2008.

R. Clarke VanDervort
United States Magistrate Judge